# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LUCAS BURGESS, *et al.*,

        Plaintiffs,

    -vs-

SHERIFF GENE FISCHER, *et al.*,

        Defendants.

Case No. 3:10-cv-24

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

## ORDER DENYING DEFENDANTS' MOTION *IN LIMINE* (DOC. 69)

This case is before the Court on Defendants' motion *in limine* to exclude the testimony of Plaintiffs' expert witnesses pursuant to Fed. R. Civ. P. 26(a)(2). Doc. 69. While Defendants initially sought to exclude Dr. Paris' testimony, they subsequently withdrew that request in their Reply memorandum. Doc. 71 at PageID 624-25. Therefore, that portion of Defendants' motion is **DENIED AS MOOT**.

Defendants also seek to exclude the testimony of Plaintiffs' treating physicians at trial for failing to comply with Civil Rule 26(a)(2)'s disclosure requirements. Treating physicians are generally not required to provide a written expert report. *See* Fed. R. Civ. P. 26(a)(2) advisory committee notes to 1993 amendments; *Kitts v. Gen. Tel. N., Inc.*, No. 2:04-cv-174, 2005 WL 2277438, at *5 (S.D. Ohio Sept. 19, 2005). Nonetheless, a party using treating physician testimony at trial must timely disclose: (1) "the subject matter on which the witness is expected to present evidence"; and (2) "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

In Plaintiffs' disclosure of expert witnesses report, Plaintiffs identified six treating physicians. Doc. 58. For each witness, Plaintiffs stated that the physician examined or treated Mr. Burgess' injuries, "and may be called to testify regarding Mr. Burgess' injuries and damages." *Id.* Plaintiffs did not provide any more information regarding each treating physician's expected testimony. *See id.*

The Court finds that Plaintiffs' disclosures of the treating physicians -- Dr. Cortez, Dr. Goodall, Dr. Ladson, Dr. Wilcher, Dr. Schmidt, and Dr. Hicks -- are insufficient to comply with Civil Rule 26(a)(2)(C), as Plaintiffs have not provided "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(ii). Accordingly, Plaintiffs are **ORDERED** to provide supplemental disclosures of their treating physicians to Defendants by **March 19, 2012**. The supplemental disclosures must include the facts and opinions to which each treating physician is expected to testify. To be clear, this Order does not authorize Plaintiffs to add new experts in their supplemental disclosures.

The Court notes that -- given the April 20, 2012 discovery deadline in this case -- Defendants have sufficient time to depose Plaintiffs' treating physicians. If Defendants have already deposed any of them, this Order authorizes Defendants to depose that physician a second time, if necessary. Additionally, Defendants' deadline for designation of rebuttal experts is extended until **April 2, 2012**.

The Court will not exclude the testimony of Plaintiffs' treating physicians at this time. Therefore, Defendants' motion *in limine* is **DENIED**.

    **IT IS SO ORDERED.**

March 2, 2012                                                                         s/ **Michael J. Newman**
                                                                                                  United States Magistrate Judge