# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LUCAS BURGESS, *et al.*,

        Plaintiffs,

vs.

SHERIFF GENE FISCHER, *et al.*,

        Defendants.

:
:
:
:

Case No. 3:10-cv-24

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DETERMINE A REASONABLE EXPERT'S FEE (DOC. 73)

This case is before the Court on the motion of Defendants Sheriff Gene Fischer; the Board of County Commissioners of Greene County, Ohio; Major Eric Prindle; Deputy Joshua E. Barrett; Deputy Glen E. McKinney; Deputy Matthew C. Sortman; and Debbie Jordan (collectively "the Greene County Defendants") to determine a reasonable expert's fee pursuant to Fed. R. Civ. P. 26(b)(4)(E).  Doc. 73.  The Court held oral arguments by telephone on said motion on March 26, 2012.

The Greene County Defendants object to the deposition fee of Plaintiffs' expert witness, Joseph E. Paris, Ph.D., M.D.  *See id.*  Dr. Paris, through counsel, informed the Greene County Defendants that his fee schedule is as follows:  although Dr. Paris has a regular billing rate of $360 per hour, he will charge, instead, a $2,000 flat fee for his deposition at the Atlanta airport; and a $3,000 flat fee if his deposition is taken outside the Greater Atlanta area.  *Id.* at PageID 632; doc. 78-4.

Fed. R. Civ. P. 26(b)(4)(E) provides that "[u]nless manifest injustice would result," a party must pay an expert a reasonable fee for depositions. It is in the Court's discretion to determine the reasonableness of an expert's fee. *Bonar v. Romano*, No. 2:08-cv-560, 2010 U.S. Dist. LEXIS 113110, at *2 (S.D. Ohio Oct. 25, 2010); *Massasoit v. Carter*, 227 F.R.D. 264, 265 (M.D.N.C. 2005). In assessing the reasonableness of an expert's fee, the Court should consider the expert's education, training and experience; the prevailing rate for comparable experts; and the nature and complexity of the information sought. *See Bonar*, at *id.* (citing *Massasoit*, 227 F.R.D. at 265). In general, "[a]n expert's regular hourly rate for professional services is presumptively a reasonable hourly rate for deposition." *Id.*

Here, the Greene County Defendants do not object to Dr. Paris' $360 regular hourly rate. *See* doc. 73, 78. Rather, they object to the flat fee for his deposition. *See id.* Estimating that the deposition will take two to three hours, the Greene County Defendants assert that Dr. Paris' hourly rate would be somewhere between $666.67 and $1,000.00 if he is deposed at the Atlanta airport -- an amount, they argue, is unreasonable compared to his regular $360 hourly billing rate. Doc. 73 at PageID 632. In making that calculation, the Greene County Defendants do not account for Dr. Paris' preparation and travel time, contending that they are not required to pay for that time. *See* doc. 78.

Having carefully considered the parties' memoranda and the cases cited therein, as well as the parties' oral arguments, the Court finds that the $2,000 flat fee to take Dr. Paris' deposition is unreasonable under the particular facts presented here. By not coming forth with evidence showing that comparable experts in Dr. Paris' field charge similar flat fee rates, *see* doc. 77, Plaintiffs have not overcome the presumption that Dr. Paris' regular hourly rate is a reasonable fee for his

-2-

deposition. *Accord Alvarado v. Oakland Cnty.*, No. 09-14312, 2011 U.S. Dist. LEXIS 7273, at *1-6 (E.D. Mich. Jan. 26, 2011); *Norman v. City of Lorain*, No. 1:04-cv-913, 2006 U.S. Dist. LEXIS 83406, at *15-17 (N.D. Ohio Nov. 16, 2006); *Massasoit*, 227 F.R.D. at 267-68.

In this case, the Court concludes that a reasonable deposition fee for Dr. Paris' time is $360 per hour, *i.e.,* his regular billing rate. Moreover, the Court finds that Dr. Paris may bill for his time reasonably spent preparing for his deposition. *See Massasoit*, 227 F.R.D. at 267; *Profile Prods., LLC v. Soil Mgmt. Techs., Inc.*, 255 F. Supp. 2d 880, 886 (N.D. Ill. 2001). Likewise, if Dr. Paris has to travel somewhere other than his office or residence for the deposition -- *i.e.,* the Atlanta airport or a court reporter's office -- he may also bill for his reasonable and necessary travel time. *See Alvarado*, 2011 U.S. Dist. LEXIS 7273, at *6-7.

It is therefore **ORDERED** as follows:

1. Defendants' motion to determine a reasonable expert's fee (doc. 73) is **GRANTED IN PART AND DENIED IN PART**;

2. The $2,000 suggested flat fee to depose Plaintiffs' expert witness, Dr. Paris -- regardless of the length of his deposition -- is found unreasonable;

3. A reasonable fee for Dr. Paris' deposition is $360 per hour; and

4. Dr. Paris may reasonably bill for his time, in one-tenth of an hour (.10) increments, which is spent (a) preparing for his deposition; (b) having his deposition taken; and (c) traveling to and from the deposition, if the deposition is held some place other than his office or residence.

March 27, 2012                                                            s/ **Michael J. Newman**
                                                                          United States Magistrate Judge