**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

**Lucas Burgess,** *et ux.***,**

    *Plaintiffs*,

**v.**                  Case No. 3:10-cv-024
                     Judge Thomas M. Rose

**Sheriff Gene Fischer,** *et al.***,**

    *Defendants*.

---

**ENTRY AND ORDER DENYING DEFENDANTS SHERIFF GENE FISCHER, MAJ. ERIC PRINDLE (RETIRED), DEP. JOSHUA S. BARRETT, DEP. GLEN E. MCKINNEY, DEP. MATTHEW C. SORTMAN AND DEBBIE JORDAN'S, MOTION FOR PARTIAL SUMMARY JUDGMENT, PURSUANT TO FED. R. CIV. P. 56 (UPON REMAND). DOC. 102.**

---

  Pending before the Court is Defendants Sheriff Gene Fischer, Maj. Eric Prindle (Retired), Dep. Joshua S. Barrett, Dep. Glen E. McKinney, Dep. Matthew C. Sortman And Debbie Jordan's, Motion For Partial Summary Judgment, Pursuant To Fed. R. Civ. P. 56 (Upon Remand). Doc. 102. Movants request that the Court award summary judgment on Counts Two, Seven and Ten of Plaintiffs' Third Amended Complaint. Count Two alleges Malice & Gross, Wanton, Willful and Reckless Negligence against all Defendants in their individual capacities, except David Griffith and the Board of County Commissioners. Count Seven alleges Conspiracy to Falsify Reports against Defendants Fischer, Prindle, Barrett, McKinney, Barrett, McKinney, Sortman and Jordan

1

in their individual capacities. Count Ten alleges Civil Conspiracy against Defendants Jordan, McKinney, Barrett, Sortman, Prindle and Fischer in their individual capacities.

Movants request that the Court grant summary judgment on Counts Seven and Ten under the intracorporate conspiracy doctrine. The intracorporate conspiracy doctrine relates to what is known as the "plurality requirement" of a conspiracy and originates from cases in which a corporation is alleged to have conspired with one of its officers to commit a crime. Sarah N. Welling, *Intracorporate Plurality in Criminal Conspiracy Law*, 33 Hastings L.J. 1155, 1159 (1982). As early as 1909, the Eighth Circuit rejected a claim that the plurality requirement was met when an agent conspired with his employer to commit a crime. See *Union Pacific Coal Co. v. United States*, 173 F. 737, 745 (8th Cir. 1909) "[A] corporation can act only by an agent, and every time an agent commits an offense within the scope of his authority under [the government's] theory the corporation necessarily combines with him to commit it. This cannot be, and it is not, the law. The union of two or more persons, the conscious participation in the scheme of two or more minds, is indispensable to an unlawful combination, and it cannot be created by the action of one man alone.").

Movants assert that in *Bays v. Canty*, 330 Fed. Appx. 594, (6th Cir. 2009) a Sixth Circuit panel extended the doctrine to conspiracies alleged to arise among a group of corporate officers. "The … doctrine– drawing on a 'common sense' insight 'that a person cannot conspire with himself' –teaches that, since a corporation only acts through its officers, a group of corporate officers acting within the scope of employment cannot create a conspiracy." *Bays v. Canty*, 330 Fed. Appx. at 594. While it is common sense that a corporation cannot conspire with itself, the reasons for the extension of the doctrine to cases where corporate officers conspire among

themselves is "unclear. Sarah N. Welling, *Intracorporate Plurality in Criminal Conspiracy Law*, 33 Hastings L.J. 1155, 1169-72 (1982).

It is not clear though whether *Bays* was a case where governmental employees were alleged to conspire separate from their employer. *Bays* is an unpublished per curiam opinion that does not lay out sufficient background information to allow one to divine whether the government agency is alleged to have conspired with its own agents. If *Bays* relates to a motion to dismiss the corporate employer from an alleged conspiracy with its own employees, it is unremarkable.

Defendants also rely upon *Nuovo v. The Ohio State University*, 726 F. Supp. 2d 829 (S.D. Ohio 2010) for the proposition that the intracorporate conspiracy doctrine applies to government agencies. *Nuovo* cites to cases tracing back to *Doherty v. American Motors Corp.*, 728 F.2d 334, 339 (6th Cir. 1984), a case in which there was only one defendant, the corporation, that was alleged to have conspired with its own officers.

Notably, no governmental or corporate entity is named as a defendant in the conspiracy counts Movants address. For this reason alone, this portion of the motion should be denied. Indeed, common sense dictates this result. Were it otherwise, we would conclude that the major failing of every criminal conspiracy was that they failed to incorporate!

This portion of the motion, however, also fails by its own terms. Movants assert that "a group of corporate officers, acting within the scope of employment cannot create a conspiracy." Doc. 102 at 3 (citing *Bays v. Canty*, 330 Fed. Appx. 594, 594 (6th Cir. 2009)). Movants ignore that both Counts Seven and Ten assert claims against defendants "in their individual capacities." Doc. 44 at 15 and 17. While Plaintiff inartfully pleaded that "Defendants were within the course and scope of their employment during all times relevant to Plaintiff's complaint…" Doc. 44, ¶49, Counts Seven and Ten clearly distinguish themselves from this unconsidered assertion. See

*Carmack v. Trombley*, 363 F. Supp. 2d 904, 907 (E.D. Mich. 2005)(explaining that pleading defendant was "acting within the scope of his employment" normally indicates an official capacity claim, while an allegation of action outside the scope of employment evinces notice of an individual capacity lawsuit)).

Thus, because Defendants have not pointed to any circumstance warranting extension of the intracorporate conspiracy doctrine to claims solely against corporate officers and because Defendants were sued for conspiracy in their individual capacity, which inherently entails actions beyond the scope of employment, the Defendants' Motion for Summary Judgment on Counts Seven and Ten will be denied.

Movants also seek summary judgment on Plaintiffs' negligence and gross negligence claims. While Movants assert they are immune from this claim under Ohio law, this ignores that the Sixth Circuit remanded this case, holding that

> A. Negligence, Assault, Battery and Loss of Consortium Claims
>
> Plaintiffs assert that the takedown by Barrett and McKinney amounted to negligence, assault, and battery; and Angela Burgess advances a claim for loss of consortium. The district court dismissed these claims, relying on its finding that the takedown was not unconstitutionally excessive. However, because we find that there is a question as to whether Barrett's and McKinney's conduct was reasonable under the Fourth Amendment, we also find that upon viewing the facts in a light most favorable to Plaintiffs there is a question as to whether the conduct was reckless under § 2744.03(A)(6)(b). See *Harris v. City of Circleville*, 583 F.3d 356, 370 (6th Cir.2009) (applying Ohio law). On Plaintiffs' alleged facts, the handcuffed, intoxicated, and physically compliant Burgess was slammed to the ground by two deputies, resulting in serious facial and skull fractures. Surely there is a question as to whether this conduct amounted to recklessness. And because the loss of consortium claim is derivative of the negligence, *assault*, and battery claims, we find that this claim must also survive summary judgment. See *Bowen v. Kil–Kare*, Inc., 63 Ohio St. 3d 84, 585 N.E.2d 384, 392 (1992).

*Burgess v. Fischer*, 735 F.3d 462, 480 (6th Cir. 2013). The Sixth Circuit clearly ruled that there will be a trial on the consortium, negligence, assault, and battery claims. "[U]nder the mandate rule a remand proceeding is not the occasion for raising new arguments or legal theories." *Volvo Trademark Holding Aktiebolaget v. Clark Machinery Co.*, 510 F.3d 474, 481 (4th Cir. 2007).

As for the scope of what was previously litigated and remanded, Plaintiffs concede that their complaint "does not claim 'mere negligence;' it claims reckless, wanton and willful misconduct." Doc. 105 at 5. The Court perceives no meaningful difference between this and Defendants' submission that "the [appellate] Court's analysis … equates to a remand only of the non-negligence allegations of Plaintiffs' Count Two." Doc. 102. Thus, the Motion will be denied with regard to Count Two as well.

Because a conspiracy may normally be alleged to have been created among officers of a corporate or governmental entity, and because those accused of conspiring in this case stand accused of conspiring outside the scope of their employment and because the Sixth Circuit has ordered that a trial be held on Plaintiffs' Count Two as to whether actionable reckless conduct occurred, Defendants Motion For Partial Summary Judgment, Pursuant to Fed. R. Civ. P. 56 (Upon Remand). Doc. 102**.**

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, May 14, 2014.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE